McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL, CA SBN 230138
Regional Chief Counsel, Region IX
Social Security Administration
ELLINOR R. CODER, CA SBN 258258
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8955
    Facsimile: (415) 744-0134
    E-Mail: Ellinor.Coder@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BONNIE JEAN LOUIE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL No. 2:18-cv-02416-DB<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

    WHEREAS the Court remanded this matter for further administrative proceedings pursuant to the parties' stipulation (Dkt. 17-18), and entered judgment on August 12, 2019 (Dkt. 19).

    WHEREAS, on October 25, 2019, Plaintiff filed a Notice of Motion and Motion for Award of Attorney Fees Pursuant to Equal Access to Justice Act (Dkt. 20), requesting $3,825.71 in attorney fees. Plaintiff also provided a copy to Defendant of the assignment reflecting Plaintiff's assignment of EAJA fees to her counsel.

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and

expenses in the amount of $3,825.71 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to her Counsel, Jesse Kaplan. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel, including Counsel's firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel and/or Counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: November 18, 2019  /s/ *Jesse S. Kaplan**
JESSE S. KAPLAN
ATTORNEY FOR PLAINTIFF
*By email authorization on Nov. 18, 2019


MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX

Social Security Administration

By: /s/ *Ellinor R. Coder*
ELLINOR R. CODER
Special Assistant United States Attorney

Attorneys for Defendant

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

DATED: November 20, 2019                /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the parties' stipulation, plaintiff's October 25, 2019 motion for attorney's fees (ECF No. 20) is denied as having been rendered moot.